UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RECEIPT #_____ *u*
AMOUNT $ 250
SUMMONS ISSUED  7-3
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK_____
DATE_____ 9-12-05

James J. Murray,        )
          Plaintiff     )
                        )
v.                      )
                        )
United States of America and    )    **CIVIL ACTION NO.**
Harley G. Lappin, as he is      )
Director, Federal Bureau of     )
Prisons, and Michael J.         )
Sullivan, as he is United       )
States Attorney for the District )
of Massachusetts,               )
          Defendants     **05** )  **CA 11844 WGY**

**COMPLAINT AND JURY DEMAND**      MAGISTRATE JUDGE _Alexander_

### PARTIES

1.  The Plaintiff, James J. Murray, herein after "Murray" or
    "the Plaintiff" is a natural person over the age of eighteen
    (18) years who resides at 113 Upland Road, Winthrop, Suffolk
    County, Commonwealth of Massachusetts.

2.  The Defendant, the United States of America, is named herein
    pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346
    and 2671 et seq. This suit arises from the negligent acts
    and omissions of agents, servants and employees of the
    Federal Bureau of Prisons, an agency of the United States
    Government. It is alleged that the Bureau's agents,
    servants and employees, at all material times, were acting
    within the scope of their office or employment.

3.  Harley G. Lappin is the Director of the Federal Bureau of
    Prisons, an constituent agency found within the United
    States Department of Justice. Mr. Lappin's address is
    Federal Bureau of Prisons, 320 First Street, NW, Washington,
    D.C., 20534.

4.  Michael J. Sullivan is the United States Attorney for the
    District of Massachusetts. Mr. Sullivan's legal address is
    John Joseph Moakley Courthouse, Suite 9200, 1 Courthouse
    Way, Boston, MA, 02210.

## **JURISDICTION AND VENUE**

5.  This action seeks recovery of damages under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA")

6.  The Plaintiff has satisfied the jurisdictional pre-requisites required by 28 U.S.C. § 2675. Specifically, the Plaintiff presented a Claim for Damage, Injury or Death to the Federal Bureau of Prisons on November 16, 2004, see attached Exhibit "A".

7.  Plaintiff's Claim was denied by the Federal Bureau of Prisons on April 12, 2005, see attached Exhibit "B".

8.  Venue is proper in the District of Massachusetts, see 28 U.S.C. § 1391, because a substantial part of the events, acts, and omissions giving rise to this action occurred in the District of Massachusetts.

## **FACTS**

9.  On April 25, 1994, the Plaintiff was sentenced by the United States District Court (District of Massachusetts) for conspiracy to possess marijuana. The Plaintiff was sentenced to a prison term of twelve (12) years, to be followed by five (5) years of supervised release, and the payment of a fine in the amount of $17,500.00. See, Docket No. 91-10305-05-WGY.

10. Accordingly, the Plaintiff was placed in the custody of the Federal Bureau of Prisons.

11. The Federal Bureau of Prisons is a constituent agency of the United States Department of Justice and is subject to oversight and direction from the Attorney General of the United States.

12. From May, 1994 through October, 1998, the Plaintiff was in custody at Allenwood, Pennsylvania. On or about October 28, 1998, the Plaintiff was transferred to the newly opened Federal Prison Camp at Devens, Massachusetts. He remained there until May 24, 2004.

13. The Federal Bureau of Prisons, and in particular the Federal Medical Center - Devens, has published the following "Mission Statement":

> The health care mission of FMC Devens, is to provide necessary medical, dental and mental health services to inmates by competent, professional staff, consistent with acceptable community standards.

14. On May 8, 2001, the Plaintiff reported to the staff at FMC-Devens that he was experiencing vision problems with his right eye. He complained of photophobia and "floaters". By May 22, 2001, staff at FMC-Devens noted his right pupil was dilated.

15. At this time, FMC-Devens did not have an Optometrist, or Ophthalmologist, on staff.

16. From May 8, 2001 through September 24, 2001, the Plaintiff was treated at FMC-Devens. Initially, the Plaintiff was treated by a "physician's assistant". During this period, the Bureau of Prisons, through its agents, servants or employees, negligently and carelessly and unskillfully failed to properly evaluate and examine the Plaintiff. Specifically, no eye pressure tests were given and no fundus examination was performed. It is a departure from the standard of medical care not to fully evaluate a patient who presents with unilateral eye complaints and a dilated pupil.

17. On June 18, 2001, the Plaintiff was informed by staff at FMC-Devens that his vision problems would be corrected with glasses.

18. During the Summer of 2001, the Plaintiff's vision problems continued. Finally, on September 24, 2001, some four (4) months after reporting his vision problems, the Plaintiff was seen by Dr. Thomas Maher of the D'Ambrosio Eye Care Center. The D'Ambrosio Eye Care Center contracts with the FMC-Devens to provide eye care for prisoners. On examination, Dr. Maher immediately referred the Plaintiff to a glaucoma specialist. This referral was not accomplished until November 13, 2001, a period of nearly two (2) months. This delay represented a further deviation from the standard of medical care which requires that newly diagnosed cases of glaucoma be treated within one (1) to two (2) weeks for measurement of pressure on therapy and visual fields.

19. On November 13, 2001, the D'Ambrosio Eye Clinic confirmed the Plaintiff's glaucoma diagnosis and indicated that a Trabeculoplasty should be performed on the Plaintiff's right eye immediately. Surgery was delayed for a period of nearly two (2) months, that is until January 15, 2002. This delay represented a further deviation from the applicable standard of medical care.

20. The Plaintiff's medical care was controlled by the Bureau of Prisons, FMC-Devens, until May 24, 2004.

21. The Plaintiff never received medical care consistent with community standards, or the Bureau's own regulations. For

example, on several occasions, the Plaintiff was prescribed eye medications including "Lumigan" and "Alphagan P". FMC-Devens failed to dispense these medicines in a timely manner. This represents a further deviation from the applicable standard of medical care, and those Patient Rights acknowledged by FMC-Devens:

> *You have the right to receive prescribed medications and treatments in a timely manner consistent with the recommendations of the prescribing health care provider.*

22. Additionally, from May of 2001 through May of 2004, FMC-Devens should have monitored the Plaintiff with repeated so-called "visual fields". This was not done. This represents a further deviation from the standard of medical care.

23. The Plaintiff has suffered permanent damage to his optic nerve.

24. As a direct and proximate result of the negligent acts and omissions attributable to the Defendant, its agents, servants and employees, the Plaintiff has lost vision in his right eye, has endured great pain and suffering of mind and body, has suffered poor health, and has incurred, and will incur, expenses for medical treatment.

WHEREFORE, the Plaintiff, James J. Murray, demands judgement against the United States of America for damages and costs and for such other relief as the Court deems meet and just in these circumstances.

Respectfully submitted,
James J. Murray,
by his attorney,

James P. Duggan
BBO# 137500
160 State Street
8th Floor
Boston, MA 02109
617-523-7222

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**JAMES P. DUGGAN**
ATTORNEY AT LAW
160 STATE STREET
BOSTON, MA 02109

TELEPHONE (617) 523-7222
FACSIMILE   (617) 722-0144

November 16, 2004

**BY FIRST CLASS &**
**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
**7099 3220 0007 0226 5826**

Harley G. Lappin, Director
Federal Bureau of Prisons
320 First Street NW
Washington, DC 20534

      **Re:** **James J. Murray, DOB: 2/11/56**
           **SSN# 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**

Dear Mr. Lappin,

On behalf of my client, James J. Murray, I enclose for your consideration a Claim for Damage, Injury, or Death, Form 95-108.

Thank you for your attention to this matter.

Very truly yours,

James P. Duggan

/jpd

cc:  James J. Murray
      Michael J. Sullivan, United States Attorney
      Robert B. McCallum, Jr., AAG, Civil Division

"A"

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROROVED OMB NO. 1105-0008 EXPIRES 6-30-01 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. *(See instructions on reverse.)* (Number, street, city, State and Zip Code) |
|---|---|
| Harley G. Lappin, Director Federal Bureau of Prisons 320 First Street NW Washington, DC 20534 | James J. Murray c/o James P. Duggan, Atty. at Law 160 State St., Boston, MA 02109 |

| 3. TYPE OF EMPLOYMENT MILITARY X CIVILIAN | 4. DATE OF BIRTH 2/11/56 | 5. MARITAL STATUS single | 6. DATE AND DAY OF ACCIDENT 12/17/02 & continuing | 7. TIME (A.M. OR P.M) |
|---|---|---|---|---|

**8. Basis of Claim** *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

The claimant was an inmate at F.M.C. Devens. In May, 2001, he began to experience vision problems with his right eye. The claimant received improper or inadequate medical care over a period of years. He required three (3) surgical procedures. The last occured on December 17, 2002. Post-surgical medications were withheld from the claimant causing him additional pain and suffering. The claimant has previously reported this history to the Bureau of Prisons

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side)*

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

Permanent loss of vision - right eye
Pain and suffering

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* | |
| Drs. Maher, Levin & D'Ambrosio Dr. C. Howard | D'Ambrosio Eye Care, Professional Bldg. Suite 2B, 100 Hospital Rd, Leominster, MA FMC Devens, Ayer, MA    01453-2245 | |

| 12. *(See instructions on reverse)* | AMOUNT OF CLAIM*(in dollars)* | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
| -0- | $1,500,000.00 | -0- | $1,500,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* *James J. Murray* | 13b. Phone number of signatory 617-846-5477 | 14. DATE OF CLAIM 11/14/04 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. *(See 31 U.S.C. 3729.)* | Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. *(See 18 U.S.C.A. 287.)* |

| 95-108 Previous editions not usable | NSN 7540-00-634-4046 | STANDARD FORM 95 (Rev. 7-85) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

" *A-1* "

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

### Complete all items – Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT, THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| | |
|---|---|
| 15. Do you carry accident insurance? Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number. ☒ No | |
| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |
| 18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*) | |
| 19. Do you carry public liability and property damage insurance? Yes, if yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*) ☒ No | |

SF 95 (Rev. 7-85) BACK

### * U.S. GOVERNMENT PRINTING OFFICE: 1989–241-175

"A-2"

Federal Bureau of Prisons
*Northeast Regional Office*

*Via Certified and Return Receipt Mail*

*U.S. Custom House - 7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, PA. 19106*

April 12, 2005

James P. Duggan, Attorney at Law
160 State Street
Boston, Massachusetts 02109

RE: Administrative Tort Claim No. TRT-NER-2005-01187
    On Bahalf of James Murray, Reg. No. 56285-079

Dear Mr. Duggan:

This is in response to your Administrative Tort Claim, No.
TRT-NER-2005-01187, filed on behalf of James Murray.  The claim
was received by this agency on November 23, 2004, and is being
considered for settlement as provided by the Federal Tort Claims
Act (FTCA) 28 U.S.C. § 2672, under authority delegated to me by
28 C.F.R. § 543.30.  Your client seeks compensatory damages in
the amount of $1,500,000.00 for an alleged personal injury.
Specifically, your client claims he did not receive prompt
medical treatment or the appropriate medications for his
Glaucoma condition, causing permanent loss of vision in the right
eye, as well as pain and suffering.

After careful review of your claim, I have decided not to offer a
settlement.  Investigation reveals your client first complained
of floaters in the right eye on May 8, 2001.  He was seen by the
contract 0ptometrist and Ophthalmologist on several occasions.
He was administered several types of medications and underwent
Trabeculoplasty surgery.  Just prior to his release to a
Community Corrections Center (CCC), on April 14, 2004, your
client was evaluated by the Ophthalmologist, who noted he had a
visual acuity of 20/30 in the right eye and 20/25 in the left
eye.  The medical record indicates your client received
appropriate medical treatment for his eye problems, consistent
with community standards.  You fail to show that negligence on
the part of any Bureau of Prisons' employee resulted in your
client's alleged injuries.

" *B* "

James P. Duggan, Attorney at Law
RE: James Murray, Reg. No. 56285-079
Claim No. TRT-NER-2005-01187
Page Two


Accordingly, your claim is denied.  If you are dissatisfied with
this decision, you may seek reconsideration from this office or
bring an action against the United States in an appropriate
United States District Court within six (6) months of the date of
this letter.

Sincerely,

Henry J. Sadowski
Regional Counsel

cc: David L. Winn, Warden, FMC Devens

" β-1 "

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JAMES J MURRAY

**DEFENDANTS**
United States of America

**(b)** County of Residence of First Listed Plaintiff   SuFFoLK
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
JAMES P Duggan   617 523 7222
160 STATE St, Boston 02109

Attorneys (If Known)

05 CA 11844 WGY

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)     and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
FTCA  28 USC 2671 et seq

Brief description of cause:
# suffered loss / enjoyment due to medical malpractice

## VII. REQUESTED IN
COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY
(See instructions):   JUDGE   James P Duggan   DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #____   AMOUNT____   APPLYING IFP____   JUDGE____   MAG. JUDGE____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)    *Murray vs U.S.*

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___   I.     160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ___   II.    195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

    ✗   III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

    ___   IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

    ___   V.    150, 152, 153.

# 05 CA 11844 WGY

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

    YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☒    NO ☐

    A.    If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☒    Central Division ☐    Western Division ☐

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐    NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME    *James P Duggan*

ADDRESS    *160 State St    Boston    MA    02109*

TELEPHONE NO.    *617 523 7222*

(CategoryForm.wpd -5/2/05)