UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAMES J. MURRAY,<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and<br>HARLEY G. LAPPIN, as he is<br>Director, Federal Bureau of<br>Prisons, and MICHAEL J. SULLIVAN,<br>as he is United States Attorney<br>for the District of Massachusetts,<br>    Defendants. | Civil Docket No.<br>05-11844-WGY |

**DEFENDANTS' ANSWER**

The defendants in the above-captioned matter, by their attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, responds to the corresponding numbered paragraphs of the plaintiff's complaint, upon information and belief, as follows:

1. Paragraph 1 of the plaintiff's complaint identifies the plaintiff and his residential address to which no response is necessary.  In as far as this Court determines that a response is necessary, the defendants admit same.

2. Paragraph 2 of the plaintiff's complaint states a conclusion of law to which no response is necessary.  In as far as this Court determines that a response is necessary, the defendants deny same.

3. The defendants admit that Harley G. Lappin is the Director of the Federal Bureau of Prison, however, the defendants deny that he is a proper party to this Federal Tort Claims Act matter as the only proper party defendant is the United States of America.

4. The defendants admit that Michael J. Sullivan is the United States Attorney for the District of Massachusetts, however, the defendants deny that he is a proper party to this

      Federal Tort Claims Act matter as the only proper party defendant is the United States of America.

5. Paragraph 5 of the plaintiff's complaint states a conclusion of law to which no response is necessary. In as far as this Court determines that a response is necessary, the defendants admit same.

6. The defendants admit the allegations contained in paragraph 6 of the plaintiff's complaint.

7. The defendants admit the allegations contained in paragraph 7 of the plaintiff's complaint.

8. Paragraph 8 of the plaintiff's complaint states a conclusion of law to which no response is necessary. In as far as this Court determines that a response is necessary, the defendants admit same.

9. The defendants admit the allegations contained in paragraph 9 of the plaintiff's complaint.

10. The defendants admit the allegations contained in paragraph 10 of the plaintiff's complaint.

11. The defendants admit the allegations contained in paragraph 11 of the plaintiff's complaint.

12. The defendants admit the allegations contained in paragraph 12 of the plaintiff's complaint.

13. The defendants admit the allegations contained in paragraph 13 of the plaintiff's complaint.

14. The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the plaintiff's complaint.

15. The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the plaintiff's complaint.

16. The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the plaintiff's complaint.

17. The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the plaintiff's complaint.

18. The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the plaintiff's complaint.

19. The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the plaintiff's complaint.

20. The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the plaintiff's complaint.

21. The defendants deny the allegations contained in paragraph 21 of the plaintiff's complaint.

22. The defendants deny the allegations contained in paragraph 22 of the plaintiff's complaint.

23. The defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23 of the plaintiff's complaint.

24. The defendants deny the allegations contained in paragraph 24 of the plaintiff's complaint.

The final unnumbered paragraph of the plaintiff's complaint contains a demand for judgment and prayers for relief. As such no response is necessary. In as far as this Court's deems that a response is necessary, the defendants deny same.

**AFFIRMATIVE DEFENSES**

1. The plaintiff's recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act ("FTCA").

3. Pursuant to 28 U.S.C. § 2675(b), the plaintiff is prohibited from claiming or recovering an amount against the defendants in excess of that set forth in the plaintiff's administrative claim presented to the United States Postal Service.

4. Pursuant to 28 U.S.C. § 2402, the plaintiff is not entitled to a jury trial against the United States.

5. The plaintiff's complaint fails to state a claim or any claim upon which relief can be granted against the defendants.

6. The plaintiff's damages and losses, if any, were solely and proximately caused by the plaintiff's own negligence, carelessness or recklessness.

7. The plaintiffs' fault and negligence in causing the alleged injuries must be compared against the fault and negligence, if any, of the defendant, and the plaintiffs' recovery, if any, must be diminished in proportion to the plaintiffs' fault and negligence in causing the alleged injuries. Further, the plaintiff is prohibited from recovering any amount against the defendant if the negligence of the plaintiff is determined to be greater than any fault of the defendant.

8. Pursuant to 28 U.S.C. § 2412(d)(1)(A), the plaintiff cannot recover attorney's fees from the United States.

9. Pursuant to 28 U.S.C. § 2674, the plaintiff is proscribed from recovering any amount for pre-judgment interest against the defendant.

10. Under the FTCA, the United States is liable for personal injury caused by the negligent or wrongful acts or omissions of a government employee acting within the scope of his/her office or employment.  28 U.S.C. § 2674; 28 U.S.C. § 1346(b) As such, the remaining defendants must be dismissed from this action.

11. To the extent that the plaintiff seeks damages for negligent medical treatment rendered prior to November 23, 2002, these claims are barred by the applicable statute of limitations.

12. To the extent that the plaintiff alleges his damages were caused by the negligence of a physician who is not an employee of the United States, the complaint should be

4

dismissed because government is not liable for the alleged negligence of a non-governmental medical practitioner.

WHEREFORE, having fully answered the plaintiff's complaint, the defendants respectfully move this Court to dismiss the plaintiff's complaint, for its costs incurred herein, and for such further relief as is just and proper.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      UNITED STATES ATTORNEY

Dated: May 2, 2006          By:  /S/ Christopher R. Donato
                                        Christopher Donato
                                        Assistant U.S. Attorney
                                        District of Massachusetts
                                        One Courthouse Way, Suite 9200
                                        Boston, MA  02210
                                        Telephone: (617) 748-3303
                                        Fax: (617) 748-3972

**CERTIFICATE OF SERVICE**

I hereby certify that the above-document was filed through the ECF system electronically to any registered participants and a paper copy was sent by mail to those indicated as non-registered participants.

Dated: May 2, 2006              /s/ Christopher R. Donato
                                        CHRISTOPHER R. DONATO
                                        Assistant U.S. Attorney