UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES J. MURRAY,<br>     Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and<br>HARLEY G. LAPPIN, as he is<br>Director, Federal Bureau of<br>Prisons, and MICHAEL J. SULLIVAN,<br>as he is United States Attorney<br>for the District of Massachusetts,<br>     Defendants. | Civil Docket No.<br>05-11844-WGY |

**DEFENDANTS' BRIEF ON REFERRAL TO<br>MEDICAL MALPRACTICE TRIBUNAL**

    Pursuant to the Court's order on April 20, 2006, the defendants in the above-captioned matter submit the following brief regarding the Massachusetts procedural requirement of referral to a medical malpractice tribunal prior to a state court hearing the matter.  At the hearing, the defendants suggested that the Massachusetts requirement of a medical malpractice tribunal referral was required in a case of alleged medical malpractice against the federal government under the Federal Tort Claims Act ("FTCA").  For the reasons set forth below, the defendants withdraw that suggestion and agree with the plaintiff that such a referral is not required in this situation.

    In medical malpractice cases filed against the United States, the law of the jurisdiction where the act or omission occurred governs.  28 U.S.C. § 1346(b)(1).  In the case at hand,

the plaintiff alleges that the medical malpractice took place while the plaintiff was being held at the Federal Medical Center in Devens, Massachusetts.  Under Massachusetts law, before a plaintiff may proceed with a medical malpractice case, a medical malpractice tribunal must determine whether the evidence presented is sufficient to raise a legitimate question of liability appropriate for judicial inquiry.  Mass. Gen. Laws, ch. 231, § 60B.  The medical tribunal consists of a Massachusetts Superior Court Judge, an attorney, and a representative of the health care industry, the latter two appointed by the Superior Court Judge.  Id.  The tribunal is charged with determining, on the basis of an offer of proof, whether a "legitimate question of liability appropriate for judicial inquiry" is presented.  Id.  If the panel decides that such a question does not exist, the judge-member is required to impose a bond on the plaintiff as a condition for further prosecution of the case.  Id.

Section 60B is a state procedural statute that was enacted in 1975 as part of a comprehensive package designed to ensure the continued availability of medical malpractice insurance at a reasonable cost for Massachusetts doctors.  Austin v. Boston University Hospital, 372 Mass. 654, 655 n.4, 363 N.E.2d 515, 516 n.4 (1977).  The United States of America, however, is a "self-insurer" for any federal employee acting within the scope of their employment under the FTCA, thus, the purpose and rationale

for the application of this procedural statute does not apply when the United States is a defendant in a medical malpractice case.

Although the First Circuit Court of Appeals has determined that the Massachusetts medical tribunal statute will apply in diversity cases brought in federal court by private parties, Feinstein v. Mass General Hospital, 643 F.2d 880, 885 (1st Cir. 1981), it should not apply to cases brought against the United States under the FTCA. The Feinstein decision is premised on the absence of any overriding federal interest in a diversity case applying state law. Id. The FTCA, however, does not provide a waiver so as to allow any substantive decision in an FTCA case to be made by a state court tribunal rather than a federal court which has exclusive jurisdiction over these actions. 28 U.S.C. §§ 1346(b) and 2679. Consequently, to do so in this matter would violate the Supremacy Clause of the United States Constitution as well as the limited waiver of sovereign immunity under the FTCA.

Accordingly, the Massachusetts procedural requirement of a referral to a medical malpractice tribunal prior to the state court hearing the matter does not apply to a case of alleged medical malpractice against the federal government under the FTCA.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

Dated: May 4, 2006           By:    /S/ Christopher R. Donato
                                    Christopher Donato
                                    Assistant U.S. Attorney
                                    District of Massachusetts
                                    One Courthouse Way, Suite 9200
                                    Boston, MA  02210
                                    Telephone: (617) 748-3303
                                    Fax: (617) 748-3972

**CERTIFICATE OF SERVICE**

I hereby certify that the above-document was filed through the ECF system electronically to any registered participants and a paper copy was sent by mail to those indicated as non-registered participants.

Dated: May 4, 2006           /s/ Christopher R. Donato
                             CHRISTOPHER R. DONATO
                             Assistant U.S. Attorney